**United States District Court**
**Southern District of Florida**



Our Ref: 3089-0002006

# 03-60168

---------------------------------------------------

Twistee Treat Corporation

      Plaintiff

v.

3866955 Canada Inc., Liptok Inc.,
Twistee Treat Canada, 3585468 Canada, Inc.,
Andrew Evans and Twisters Ice Cream

      Defendants

---------------------------------------------------

Case No.:

# CIV-MARRA

**MAGISTRATE JUDGE**
SELTZER

## COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF

## AND DECLARATORY JUDGEMENT

Plaintiff, Twistee Treat Corporation, (hereinafter "Plaintiff") a Delaware

Corporation, qualified to do business in the State of Florida, for its complaints against

3866955 Canada Inc., Liptok Inc., Twistee Treat Canada, 3585468 Canada, Inc., Andrew

Evans and Twisters Ice Cream (hereinafter collectively referred to as "Defendants"), state

and allege as follows:

### The Parties

1.     Plaintiff, Twistee Treat Corporation is a Delaware Corporation and has

established as its principal place of business in Ft. Lauderdale, Florida and is qualified to

do business in the State of Florida.

2.     On information and belief, Defendant 3866955 Canada Inc., is a Canadian

corporation owned at least in part, operated and/or managed by Andrew Evans

Page 1



(hereinafter "Evans") with an address at 4023 Meadowbrook Drive Suite 113, London, Ontario N6L 1E7, Canada and presently has as its United States domestic representative, as shown in the official records of the United States Patent and Trademark Office as Mr. Brian Dimoff, 1444 Wazee Street, Suite 215, Denver Colorado, 80202.

3. On information and belief, Defendant Liptok Inc., with an address at 2910 South Sheridan Way, Oakville, Ontario L6J 7J8, Canada, is a Canadian corporation owned at least in part, operated and/or managed by Evans.

4. On information and belief, Defendant Twistee Treat Canada, is a Canadian corporation, with an address at 4023 Meadowbrook Drive Suite 113, London, Ontario N6L 1E7, Canada owned at least in part, operated and/or managed by Evans.

5. On information and belief, Defendant 3585468 Canada, Inc., is a Canadian corporation with an address at 4151 York Street, Suite 100, London, Ontario N6A 1A8, Canada owned at least in part, operated and/or managed by Andrew Evans.

6. On information and belief, Defendant Andrew Evans is a Canadian citizen who owns, or owns in part each of the above mentioned corporate Defendants, and is the officer and director exercising management and control over said entities and is the individual who has engaged in the conscious and deliberate actions as complained of herein.

7. On information and belief, Defendant Twisters Ice Cream, is a Canadian corporation, with an address at 4023 Meadowbrook Drive Suite 113, London, Ontario N6L 1E7, Canada owned at least in part, operated and/or managed by Evans.

**Jurisdiction and Venue**

8.     This is an action for trademark infringement, unfair competition, false designation of origin, bad faith registration of a domain name, declaratory relief, state law and common law trademark infringement and unfair competition, damages in excess of $75,000, and other appropriate relief. This complaint is brought pursuant to:

a.  28 U.S.C. §2201 relating to a case of actual controversy within the District Court's jurisdiction for the declaration of rights and other legal relationships of any interested party seeking such declaration;

b.  The common law of the State of Florida

9.     This court has subject matter jurisdiction over the claims made in this complaint under:

a.  Section 39 of the Lanham Act, 15 U.S.C. §1121, giving this Court jurisdiction of all actions arising under the Lanham Act without regard to the amount in controversy and sections 28 U.S.C. §§1331, and 1338;

b.  Section 1332(a) and (c) of Title 28 of the United States Code, giving the District Courts original jurisdiction over actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states or foreign states;

c.  Section 1338 and 2201, of Title 28 of the United States Code, giving the District Courts original jurisdiction over actions asserting claims arising under any Act of Congress relating to trademarks and over

claims of unfair competition when joined with a substantial and related claim under the trademark laws;

d. Section 1367 of Title 28 of the United States Code, giving the District Courts supplemental jurisdiction over all other claims that are so related to claims in the action over which the courts have original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.    Venue is proper in this district by virtue of 28 U.S.C. §1391.

11.    Defendants are subject to personal jurisdiction in this Court in that they are corporations, and individuals, which committed tortuous acts with the State of Florida and which sells tangible personal property to persons, firms or corporations in this state and, thus pursuant to §§48.181 and 48.193 of Florida Statutes, is conclusively presumed to be both engaged in substantial and not isolated activities within this state and to be operating, conducting, engaging in, or carrying on a business or business venture in this state. Furthermore, this Court has jurisdiction over Defendants Liptok Inc., Twistee Treat Canada, and Andrew Evans in that, they maintain an Internet website at http://www.twisteetreat.net through which Defendants advertise, solicit and sell Twistee Treat franchises to potential franchises in Florida, and elsewhere.

12.    Defendants' contacts with the State of Florida, and its conduct that has been directed to Florida citizens, businesses and residents, such that they fairly can have anticipated being haled into court in this State.

## Background of Facts

13.     Plaintiff, Twistee Treat Corporation is a publicly held corporation organized and existing under the laws of Delaware and conducting business within this judicial district. Plaintiff is in the franchise business, namely developing soft serve ice cream restaurants.

14.     Plaintiff is the owner of intellectual property, described more fully herein, all related to the establishment of soft serve ice cream restaurants. Plaintiff is the owner of both tangible and intellectual property by virtue of acquisition of title to such intellectual property through to and including the original Twistee Freez Corporation of Colorado, which later changed its name to Twistee Treat Corporation.

15.     The original Twistee Treat Corporation consisted of Twistee Treat Corporation and Twistee Treat Financial Corp., each adjudged bankrupt in The Middle District of Florida, Ft. Myers Division of the United States Bankruptcy Court (Case Nos. 89-4700-BKC-9P1 and 89-4699-BKC-9P1, jointly administered under 89-4700-BKC-9P1). On August 6, 1990, the Bankruptcy Court ordered the sale of certain tangible and intellectual property owned by the companies, along with the goodwill associated therewith, to Andrew and Linda Brennan, then of Ft. Myers Beach Florida.

16.     On October 11, 1990, Andrew and Linda Brennan transferred the same tangible and intellectual property acquired from the Twistee Treat Bankruptcy Court, along with the goodwill associated therewith, to a new Florida corporation, ANU Twist Ventures, Inc.

17.     On May 6, 1997, ANU Twist Ventures, Inc.transferred the same tangible and intellectual property acquired from the Twistee Treat Bankruptcy Court, along with

the goodwill associated therewith, to Twistee Treat Corporation of Missouri, which was later merged into Plaintiff, Twistee Treat Corporation of Delaware.

18.     In pertinent part, the property referred to in the foregoing paragraphs included, prefabricated buildings, molds of making the prefabricated buildings, trademarks, trade dress, patents along with the methods of operating the soft serve ice cream restaurants and developing franchises for same.

19.     Presently subsisting on the federal trademark register from the original Twistee Treat Companies, now owned by Plaintiff, is trademark registration no. 1335737, granted May 14, 1985 for TWISTEE TREAT in Logo. The logo format of the mark is set out below.



20.     Plaintiff also owns trademark application serial no. 78/113976 for the word mark TWISTEE TREAT, essentially covering ice cream and restaurant services, which is through the publication stage and should issue into a registration within the next several months.

21.     Plaintiff also owns trademark application serial no. 78/113982 covering its unique building design consisting of an ice cream and ice cream cone shaped building design covering restaurant services. The building design is set out below. This application is presently being blocked in the United States Trademark Office by the unlawful attempted registration of an identical mark by Defendants. (See paragraph 24 below.)



22.     Plaintiff's trademarks are inherently distinctive, nonfunctional, which are valid and protectable symbols owned by Plaintiff. Plaintiff also notes that it is the owner of expired design patent registration 288,486 further evidencing and supporting the non-functional determination of its building design trademark.

23.     On March 9, 1999, Plaintiff and Defendant 3585468 Canada, Inc. a/k/a Twistee Treat Canada entered into an International Development Agreement whereby, in pertinent part, Plaintiff granted limited rights in Plaintiff's intellectual property, trade secrets, and franchising development business plans to Defendant 3585468 Canada, Inc. for the development of franchises for the Twistee Treat formula in Canada only. On or about March 11, 2002, Defendant 3585468 Canada, Inc. was placed on notice by Plaintiff that it was in default of the International Development Agreement and was given thirty (30) days to cure the default, as provided in Section VIII of the agreement. As of this date, Defendant 3585468 Canada, Inc. has never responded to the notice of default and accordingly the agreement is terminated by its terms.

24.     On March 8, 2002, Defendant 3866955 Canada Inc. filed a trademark application in the United States Patent and Trademark Office for the Twistee Treat

Building design (Serial No. 78113631) covering among other things, restaurants, claiming first use and first use in interstate commerce of May 1, 1999. In support of its application, applicant submitted the specimen attached hereto as Exhibit 1. The specimen submitted is a photograph of Plaintiff's Twistee Treat Building, which was sold to Defendant 3585468 Canada, Inc. pursuant to the terms of the March 9, 1999 International Development Agreement referred to in paragraph 23 above. The depiction of the mark in the application as filed is as follows:



25.     Upon information and belief, Defendants have advertised and promoted the trademark Twisters and Plaintiff's Twistee Treat Building design in the United States. Such advertisement and promotion has included attending a trade show in Orlando, Florida in May 2002, whereat it offered sales for Twisters Ice Cream franchises to show attendees. Including among the information provided to potential franchisees, were brochures outlining a "turn key" business operation utilizing Plalintiff's Twistee Treat Building design.

26.     On October 22, 2002, 3866955 Canada Inc. amended its application by altering the form of the mark by deleting the stylized word "Twisters" from the mark. In conjunction with said filing, it also submitted a substitute specimen attached hereto as Exhibit 2. The court will note that the photograph in Exhibits 1 and 2 are virtually identical except for the deletion of "Twisters" from the mark, noting the placement of the pickup truck in the left background.



27.     On March 6, 1999, Defendant Liptok Inc. registered the domain name *twisteetreat.net* in its own name indicating that Defendants Alan Evans and Twistee Treat Canada were both the administrative and technical contacts for the domain. To this day, Twistee Treat Canada advertises on its website "Twistee Treat Canada is a privately held, Canadian corporation licenced by Twistee Treat Corporation to market and sell the Twistee Treat concept throughout Canada." Furthermore, Twistee Treat Canada utilizes photographs on its website acquired from Plaintiff. The *twisteetreat.net* domain name, and the contents thereof, are accessible by individuals and businesses in the United States and in this judicial district.

## Count I – Declaratory Judgment – 28 U.S.C. §2201

28.     Plaintiff, Twistee Treat, hereby realleges and incorporates by reference the allegations set forth in paragraph 1 through 27 above as if set forth fully in this paragraph.

29.     As between Plaintiff and Defendants, Plaintiff is the owner of the stylized depiction of a building design as represented by Plaintiff's trademark application serial no. 78/113982.

30.     There is a real and actual controversy between the parties as to Plaintiff's sole and exclusive right to own and use the subject trademark and service mark and accordingly seeks a declaration of its exclusive right by this Court.

## Count II – Falsity and Fraud in Trademark Application

31.     Plaintiff, Twistee Treat, hereby realleges and incorporates by reference the allegations set forth in paragraph 1 through 27, 29 and 30 above as if set forth fully in this paragraph.

32.     Defendant 3866955 Canada Inc. in its application filed on March 8, 2002 (Serial No. 78113631), made the following declaration:

> PTO-Application Declaration: The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in

connection with the goods/services of such other person, to cause
confusion, or to cause mistake, or to deceive; and that all
statements made of his/her own knowledge are true; and that all
statements made on information and belief are believed to be true.

33.    The foregoing statement was made knowing that Plaintiff is the true owner

of the applied for mark, and the mark as amended in Serial No. 78113631, that such

statements were falsely and/or fraudulently made, and are subject to the penalties

imposed by Titles 15 and 18 of the United States Code.

### Count III – Federal Trademark Infringement

34.    Plaintiff, Twistee Treat, hereby realleges and incorporates by reference the

allegations set forth in paragraph 1 through 27, 29, 30, 32 and 33 above as if set forth

fully in this paragraph.

35.    Defendants have adopted and used Plaintiff's building design. Defendants

have also adopted the trademark Twisters. Both the combination of the two elements as

well as use of each, constitutes a colorable imitation of Plaintiff's registered trademark

and is causing confusion, mistake, and deception as the source and sponsorship of such

goods and services. Furthermore, Defendants on their website at

http://www.twisteetreat.net/menu.htm use the term "Twistee Twisters" further causing

confusion, mistake and deception as to the source and sponsorship of such goods and

services. Defendants' adoption and use of the Twisters designation was done knowing of

Plaintiff's prior rights in its mark. Defendants are liable to Plaintiff for the remedies

provided in the Lanham Act (15 U.S.C. §1051 et. seq.).

## Count IV – Trade Dress Infringement

36.     Plaintiff, Twistee Treat, hereby realleges and incorporates by reference the allegations set forth in paragraph 1 through 27, 29, 30, 32, 33 and 35 above as if set forth fully in this paragraph.

37.     Plaintiff's trade dress is unique in the marketplace, and is a source identifier of goods and services emanating from Plaintiff. Said trade dress is inherently distinctive whose intrinsic nature serves to identify Plaintiff as the source. Defendants are liable to Plaintiff for the remedies provided in the Lanham Act (15 U.S.C. §1051 et. seq.).

## Count VII – Unfair Competition and False Designation of Origin

38.     Plaintiff, Twistee Treat, hereby realleges and incorporates by reference the allegations set forth in paragraph 1 through 27, 29, 30, 32, 33, 35 and 37 above as if set forth fully in this paragraph.

39.     Plaintiff's Twistee Treat trademarks and Twistee Treat Building design consists of a protectable trademarks owned by Plaintiff. Defendants' adoption and use of the Twistee Treat marks, the Twister marks, and the Twistee Treat Building design is causing confusion in the marketplace as to source. sponsorship and/or affiliation with Plaintiff. Defendants are liable to Plaintiff for the remedies provided in the Lanham Act (15 U.S.C. §1051 et. seq.).

## Count V – Common Law Trademark, Trade Name Infringement
## and Unfair Competition

40.     Plaintiff, Twistee Treat, hereby realleges and incorporates by reference the allegations set forth in paragraph 1 through 27, 29, 30, 32, 33, 35, 37 and 39 above as if set forth fully in this paragraph.

41.    Plaintiff's corporate name is Twistee Treat Corporation. Defendants by adopting and using the trade name Twistee Treat Canada coupled with its varying uses of "Twisters", and the Twistee Treat Building design, causes confusion in the minds of the public, infringes the common law rights, and trade name rights of Plaintiff. Defendants' acts constitute unfair competition and are liable to Plaintiff for damages.

## Count VIII – Domain Name Infringement

42.    Plaintiff, Twistee Treat, hereby realleges and incorporates by reference the allegations set forth in paragraph 1 through 27, 29, 30, 32, 33, 35, 37, 39 and 41 above as if set forth fully in this paragraph.

43.    Defendants Liptok Inc., Alan Evans and Twistee Treat Canada have registered in bad faith the domain name *twisteetreat.net* which includes the distinctive and registered trademark Twistee Treat and is identical to and confusingly similar with Plaintiffs trademarks, trade name, corporate name and its own domain name, *twisteetreat.com*. Such registration was done knowing that the registration of the domain infringes Plaintiffs intellectual property rights, and apparently with the intent of diverting customers away from Plaintiff.  Defendants are liable to Plaintiff for the remedies provided in the Lanham Act (15 U.S.C. §1051 et. seq.).

## Count VI – Florida State Law Claims

44.    Plaintiff, Twistee Treat, hereby realleges and incorporates by reference the allegations set forth in paragraph 1 through 27, 29, 30, 32, 33, 35, 37, 39, 41 and 43 above as if set forth fully in this paragraph.

45.    Plaintiff's rights preventing infringement, injury to its business reputation and dilution of the distinctive quality of its unregistered trademark Twistee Treat and the

Twistee Treat building design, are actionable under Title XXXIII, Chapter 495, of the

Florida Code. Defendants are liable to Plaintiff in accordance with the rights and

remedies available under the Florida Code, as aforesaid, and common law.

### Count IV – Injunctive Relief

46.     Plaintiff, Twistee Treat, hereby realleges and incorporates by reference the

allegations set forth in paragraph 1 through 27, 29, 30, 32, 33, 35, 37, 39, 41, 43 and 45

above as if set forth fully in this paragraph.

47.     For the causes of action alleged above, Plaintiff is entitled in preliminary

and permanent injunctive relief under Title 15 of the United States Code, Florida Statute,

and the Common Law.

WHEREFORE, Plaintiff respectfully requests:

1.     That the Court issue an injunction restraining, enjoining and prohibiting

Defendants, their agents, servants, directors, employees, officers,

attorneys, successors and assigns, and all persons, firms and corporations

acting in concert or in participation with Defendants or on Defendants'

behalf, from using, passing off, causing confusion, selling, offering for

sale, distributing, delivering, transferring, storing, manufacturing,

licensing, franchising products and services with the marks Twistee Treat,

Twisters, and the Twistee Treat Building design, and any marks which are

confusingly similar thereto.

2.     That the Court issue an order requiring Defendants to make all reasonable

efforts to notify any and all persons and entities contacted, engaged,

licensed, and the like that Defendants are not associated with Plaintiff in any manner, and to recall from distribution any and all such information.

3.   That the Court issue an order requiring Defendants to transfer the domain name *twisteetreat.net* to Plaintiffs.

4.   That the Court issue an order requiring Defendants to deliver to this Court and serve upon Plaintiff's counsel a list of names and addresses of all individuals, companies, corporations and other legal entities to whom Defendants have either been in contact with, have sold or otherwise attempted to sell licenses or franchises bearing the marks Twistee Treat, Twisters, and the Twistee Treat Building design.

5.   That the Court grant Plaintiff an equitable accounting of Defendants' profits and award Plaintiff judgment for its attorneys' fees, and costs, plus its damages arising from Defendants' trademark infringement, false designation of origin, and unfair competition.

6.   That the Court enter an order declaring Plaintiff is the true owner of Twistee Treat and the Twistee Treat Building design.

7.   That the Court enter an order directing the United States Patent and Trademark Office to cancel application No. 78113631, ordering its mandatory abandonment.

8.   That the Court award Plaintiff its costs of suit incurred herein.

9.   That the Court grant such other and further relief as it deems just and proper.

Plaintiff demands trial by jury for those issues so triable.

Dated: February 5, 2003

                             Respectfully submitted:
                             Gordon E. R. Troy, PC
                             *Co-Counsel for Plaintiff*
                             3333 Lake Road
                             P.O. Box 368
                             Charlotte, VT 05445

                             and

                             WOODROW "MAC" MELVIN, JR. P.A.
                             *Co-Counsel for Plaintiff*
                             Suite 302, Coconut Grove Bank Building
                             2701 South Bayshore Drive
                             Miami, FL 33133-5359
                             Phone: 305 854-6129
                             Facsimile: 305 854-3271

                             By: _____
                             Woodrow M. Melvin, Jr.
                             Florida Bar No.: 095031

Exhibit 1

ORIGINAL SPECIMEN

**Internet Transmission Date:**

**Serial Number:**

**Filing Date:**



the applicant has submitted required to the specimen
the USPTO has returned only the req 't the specimen,
and extra copies can be produced to the t needed

Exhibit 2



AO 120 (Rev. 2/99)

| COMMISSIONER OF PATENTS & TRADEMARKS<br>2121 CRYSTAL DRIVE<br>SUITE 1100<br>ARLINGTON, VA 22201 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court _____ Southern District of Florida _____ on the following  ☐ Patents or  ☐ Trademarks:

| DOCKET NO.<br>03-60168-CV-MARRA | DATE FILED<br>2/5/03 | U.S. DISTRICT COURT<br>Southern District of Florida |
|---|---|---|
| PLAINTIFF<br>Twistee Treat Corporation | | DEFENDANT<br>3866955 Canada Inc.,<br>Liptok Inc., Twistee Treat Canada, 3585468 Canada Inc.,<br>Andrew Evans and Twisters Ice Cream |

| | PATENT OR | DATE OF PATENT | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | **SEE ATTACHED** | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>CLARENCE MADDOX | (BY) DEPUTY CLERK<br>Deloris McIntosh | DATE<br>2/6/03 |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Commissioner     Copy 3—Upon termination of action, mail this copy to Commissioner**
**Copy 2—Upon filing document adding patent(s), mail this copy to Commissioner     Copy 4—Case file copy**

JS-44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

TWISTEE TREAT CORPORATION

**DEFENDANTS**

**CIV-MARRA**

3866955 CANADA, INC., LISTOR,INC., TWISTEE TREAT CANADA, 3585468 CANADA, INC., ANDREW EVANS AND TWISTERS ICE CREAM

### (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Broward   03-60168CV Marra/ Bss

### (c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER) 305-854-6
Woodrow "Mac" Melvin, Jr., P.A.
2701 S. Bayshore Drive, Suite 203
Miami   33133 5359

ATTORNEYS (IF KNOWN)  3. US MAGISTRATE JUDGE

### (d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD,) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                              AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 8☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | 8☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | 8☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | 8☐ 630 Liquor Laws | | 8☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | 8☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | 8☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 8☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | 8☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | 8☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| 8☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | 8☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| 8☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | 8☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | 8☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | 8☐ 550 Civil Rights | | | |
| | | 8☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Trademark infringement, unfair competition, false designation of origin, bad faith registration of a domain name, declaratory relief, state law a common law trademark infringement a

LENGTH OF TRIAL
via _____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions)
IF ANY

JUDGE _____

DOCKET NUMBER _____

DATE   Feb 5, 2003

SIGNATURE OF ATTORNEY OF RECORD
Woodrow M. Melvin, Jr.
Florida Bar No.: 095031

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT $150.00   APPLYING IFP _____   JUDGE _____

6851
02/05/03